| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| EMORY GRANT, § | |
| § | |
| Plaintiff, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:18-CV-433 |
| § | |
| CRST EXPEDITED, INC. and § | |
| KARL O. BROOKS, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Pending before the court is Plaintiff Emory Grant's ("Grant") Motion to Amend Order on Limitations of Trial Time (#330), wherein Grant seeks additional time allotted for trial and for counsel-led voir dire. Defendant CRST Expedited, Inc. ("CRST"), filed a response in opposition (#334). Having considered the motion, CRST's response, the record, and the applicable law, the court is of the opinion that the motion should be denied.

The court has an "inherent right to place reasonable limitations on the time allotted for trial." *Frazier v. Honeywell Int'l, Inc.*, 518 F. Supp. 2d 831, 840-41 (E.D. Tex. 2007) (citing *Deus v. Allstate*, 15 F.3d 506, 520 (5th Cir.), *cert. denied*, 513 U.S. 1014 (1994)). While the court has "broad discretion in managing its docket and structuring the conduct of trial," that discretion has its limits. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 282 (5th Cir.) (citing *Sims v. ANR Freight Sys., Inc.*, 77 F.3d 846, 849-50 (5th Cir. 1996)) ("A district court has broad discretion in managing its docket and structuring the conduct of a trial."), *cert. denied*, 555 U.S. 881 (2008). "When the manner of the presentation of information . . . is judicially restricted to

the extent that the information becomes incomprehensible then the essence of the trial [is] destroyed." *Id*. (quoting *Sims*, 77 F.3d at 849).

Here, the court has allotted 10 hours per side for trial. The court finds that this amount of time is reasonable. This is a civil personal injury case arising out of a motor vehicle accident. *See United States v. Morrison*, 833 F.3d 491, 504 (5th Cir. 2016) (citing *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *United States v. Gray*, 105 F.3d 956, 963-65 (5th Cir.), *cert. denied*, 520 U.S. 1246 (1997)) (noting that the Fifth Circuit Court of Appeals approves of the use of reasonable time limits in trials in civil cases and "even in criminal cases where limits are more controversial"), *cert. denied*, 137 S. Ct. 1098 (2017). Indeed, because CRST already stipulated to liability for the collision, this trial involves only the amount of damages Grant is entitled to recover for injuries he sustained in the collision. In view of the limited nature of the issues in this case, 10 hours for each side is adequate. Contrary to Grant's assertion, the time limits will not create an unfair trial, as the time allotted is sufficient for Grant's counsel to present to the jury comprehensible information about Grant's alleged injuries and the treatment he received. *See McClain*, 519 F.3d at 282 (quoting *Sims*, 77 F.3d at 849). Rather, this time limit serves to expedite the presentation and questioning of witnesses—"procedures that [the Fifth Circuit] view[s] as tools that well serve our system of dispute resolution." *Sims*, 77 F.3d at 849.[1] The court, therefore, denies Grant's request for additional time at trial.

---

[1] Notably, in CRST's response, CRST attaches an email from Grant's counsel, which shows that Grant will likely not be calling several witnesses at trial. These witnesses include Defendant Karl O. Brooks, the driver of CRST's 18-wheeler truck, and Officer Robert Wilson, the investigating law enforcement officer for the collision. Thus, it appears that the court's time limit is already serving its intended purpose—to expedite the presentation and questioning of witnesses.

Grant further asks for additional time for counsel-led voir dire. In denying the parties' Motions for Counsel-Directed Voir Dire (#s 253-8, 253-9), the court noted that the parties are each allocated 15 minutes of their own counsel-led voir dire. Grant claims that this does not meet the specific needs of the case or give the parties the opportunity to explore fully possible bias and prejudice, correctly make challenges for cause, and/or intelligently exercise peremptory challenges. The court, however, is not persuaded.

As the court described in its March 16, 2021, Order (#284):

> The court will conduct the majority of the voir dire questioning, which will be quite thorough. Once the court concludes its questioning, the parties will each be allowed fifteen minutes to ask the jury panel additional questions. The court further notes that some of the information sought in the proposed questionnaire will be provided in the standard juror questionnaire, which will be made available to counsel before voir dire commences. The court's voir dire will contain many of the proposed questions proffered by the parties.

This falls in line with the requirements of Federal Rule of Civil Procedure 47, which provides that the court may examine prospective jurors itself. Rule 47 further states that "[i]f the court examines the jurors, it must permit the parties or their attorneys to make any further inquiry it considers proper, or must itself ask any of their additional questions it considers proper."

Moreover, the court finds that this voir dire process is adequate to discover bias and does not deprive a party of an opportunity to make reasonably intelligent use of its peremptory challenges. *Cimino v. Raymark Indus., Inc.*, 151 F.3d 297, 323 (5th Cir. 1998) ("A district judge generally has broad discretion in determining how best to conduct voir dire, . . . but that discretion is abused if the scope of voir dire is inadequate to discover bias or deprives a party of an opportunity to make reasonably intelligent use of his peremptory challenges."). As an initial matter, because this case stems from a non-fatal vehicle collision, it is not a complex case and does

not involve a confusing or difficult set of facts. Additionally, as explained above, counsel for both parties have proffered questions for the court to pose during voir dire, and the court has incorporated a majority of those questions for use during the upcoming voir dire. The parties will also receive completed standard juror questionnaires before voir dire begins. Voir dire will, indeed, be quite thorough, lasting several hours, in order to ferret out any potential juror's bias or prejudice. After this process, counsel for each side will be permitted 15 minutes to ask their own questions of the jury panel. Thus, the court's voir dire process is adequate for the parties to discovery any bias or prejudice harbored by the potential jurors as well as to make reasonably intelligent use of their peremptory challenges. *See id*. (in an asbestos case, where the trial court refused to furnish a list of the over 2,000 class members to prospective jurors, the Fifth Circuit found that there was no abuse of discretion "[c]onsidering together the [juror] questionnaire, the court's questions to the panel, and the individual voir dire allowed [to] the parties"). Therefore, in the absence of any extraordinary event occurring during voir dire warranting additional questions, the court denies Grant's request for extended counsel-led questioning during voir dire.

For these reasons, Grant's Motion to Amend Order on Limitations of Trial Time (#330) is DENIED.

SIGNED at Beaumont, Texas, this 7th day of April, 2021.

                                                MARCIA A. CRONE
                                                UNITED STATES DISTRICT JUDGE